IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HECTOR ABRAHAM COTA-HIGUERA,

  Petitioner,

      vs.                                       No. 22-cv-551 KWR/DLM
                                          No. 19-cr-3103 KWR/SMV

UNITED STATES OF AMERICA,

  Respondent.

## MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION FOR AN EXTENSION OF TIME

THIS MATTER comes before the Court on Petitioner Hector Abraham Cota-Higuera's Unopposed Motion for Extension of Time to File Response/Reply to Government's Response to Magistrate Judge's Proposed Findings and Recommended Disposition. **Doc. 49**. Having considered the briefing and the applicable law, the Court finds that Petitioner's Motion is **not well-taken** and is therefore **DENIED**.

### BACKGROUND

This case arises out of a motion to vacate Petitioner's sentence based on ineffective assistance of counsel and failure to file an appeal. **Doc. 1**. The Court held an evidentiary hearing on January 13, 2025, to address several issues surrounding the sufficiency of the representation Petitioner received during criminal proceedings. **Doc. 38**. On January 14, 2025, the Court ordered supplemental briefing on the issues argued and the evidence put forth at the evidentiary hearing. **Doc. 39.** Both parties filed their supplemental briefs on February 20, 2025. **Docs. 42–43.**

The Court issued its Proposed Findings and Recommended Disposition (PFRD) on March 14, 2025. Petitioner filed objections on April 17, 2025, and the Government responded on May 1,

1

2025. Petitioner filed his motion for an extension of time to file a reply on May 16, 2025. The Court now considers the motion.

## ANALYSIS

### I.  **FRCP 72(b)(2) does not allow for replies in this context.**

First, Federal Rule of Civil Procedure 72(b)(2) does now allow for a Reply when objecting to a Magistrate Judge's PFRD.

Rule 72(b)(2) provides that "[a]party may respond to another party's objections within 14 days." Fed. R. Civ. P. 72(b)(2).[1] As both the Tenth Circuit and this district have already discussed, the rule only allows responses to objections. It does not provide for a reply to responses. *See e.g.*, *Drexler v. Spahn*, No. 21-1368, 2022 WL 17333076, at *4, n.5 (10th Cir. Nov. 30, 2022) ("Federal Rule of Civil Procedure 72(b)(2) addresses only a party's right to object and the adverse party's right to respond. The rule says nothing about replies."); *Sweat v. City of Las Cruces*, No. 15-CV-0226 RB/SMV, 2016 WL 9087264, at *1, n.1 (D.N.M. Apr. 21, 2016) ("The Rules do not provide for replies to objections."). Thus, the Court concludes that Petitioner does not have a right to file a reply brief under the rules. *See Chacon v. City of Sunland Park, New Mexico*, No. CV 09-0760 MCA/WPL, 2011 WL 13284461, at *1, n.1 (D.N.M. Sept. 13, 2011) ("[A] reply is not permitted under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b)(2). . . . Thus, the Court will not consider the contents of Mr. Chacon's reply . . . ."); *Galarza v. Dick*, No. 1:15-CV-01081-JCH-LF, 2016 WL 11622289, at *1 (D.N.M. Aug. 26, 2016) ("The rule provides for objections to the proposed findings and recommendations and a response to the objections by another party. There is no provision for a reply to the response. *Id.* Accordingly, the Court will not consider Ms.

---

[1] This rule is applicable to this proceeding pursuant to § 2255 Habeas Corpus Rule 12.

Galarza's reply."). And even assuming allowing a reply brief is discretionary, Plaintiff has not established cause for why one should be allowed here.

Given both this district's general practice and the plain text of the Rule, the Court will not consider Petitioner's Reply.

## II. Petitioner has not demonstrated good cause or excusable neglect.

Second, even if Petitioner were entitled to a Reply under Rule 72(b)(2), Petitioner's Motion was not timely and he has not demonstrated good cause or excusable neglect.

Based on the Federal and Local Rules, Petitioner's Motion for an Extension of Time was not timely because the Government filed their Response on May 1, 2025, and Petitioner filed the request on May 16, 2025. *See* Fed. R. Civ. P. 6(a)(1)(A) ("When the period is stated in days or a longer unit of time. . . exclude the day of the event that triggers the period."); D.N.M.-LR 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response. These time periods are computed in accordance with FED. R. CIV. P. 6(a) and (d) and may be extended by agreement of all parties."). There were fifteen days between the Government's Response and Petitioner's Motion. Petitioner's Motion was therefore untimely.

Under Rule 6(b), the court may, in its discretion and for good cause, accept late filings because the failure to file on time was a result of excusable neglect. *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 896-97 (1990); Fed.R.Civ.P. 6(b). "A finding of excusable neglect depends on four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). "The

most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Id.*

Assuming Petitioner had sought to extend the deadline on a viable pleading, Petitioner has demonstrated neither good cause nor excusable neglect for failing to do so in a timely manner. The third factor disposes of the issue: Petitioner has failed to provide an adequate explanation for the delay. Petitioner's reason for requesting an extension involves "time spent preparing and filing" a brief and petition respectively in two other cases. **Doc. 49 at ¶¶3, 4**. Counsel alleges that these other cases "took away time that could have been spent preparing the reply in this matter." *Id.* However, a busy schedule does not demonstrate excusable neglect, much less create good cause, to extend the timeline for filings. *Stringfellow v. Brown*, 105 F.3d 670 (10th Cir. 1997) (finding that an attorney's failure to meet a deadline due to a busy schedule did not constitute excusable neglect, which requires a showing of good cause); *Citizens' Protective League v. Clark*, 178 F.2d 703, 704 (D.C. Cir. 1949) ("That an attorney has other matters in his office which require his attention does not constitute excuse for neglect of attention to any one matter."); *Bress v. Albuquerque Police Officers*, No. CV 10-1250 RB/DJS, 2011 WL 13285711, at *3 n. 5 (D.N.M. May 5, 2011) ("A lawyer's busy workload does not establish excusable neglect."). An attorney's caseload is well within their control. *Perez*, 847 F.3d at 1247. Counsel's assertions that they let Petitioner's case fall to the wayside does not demonstrate "diligence and a conscientious attempt to comply" with the Local or Federal Rules. *New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 429 F. Supp. 3d 1027, 1034 (D.N.M. 2019). And a busy schedule is not the kind of "good cause" that warrants extending the deadline. *Stringfellow*, 105 F.3d 670.

It is true that there is little danger of prejudice to the Government, who consented to the extension, and it seems clear that Petitioner acted in good faith. *Perez*, 847 F.3d at 1247. However,

allowing a filing that is likely prohibited by the Rules would certainly impact the judicial proceedings, and it would be a waste of the parties' and the Court's time to extend a deadline for a filing this Court will not consider. *Id.* (requiring the court to consider "the length of the delay and its potential impact on judicial proceedings."). The Court will therefore deny Petitioner's motion for failure to demonstrate excusable neglect or good cause.

## CONCLUSION

Petitioner's Unopposed Motion for Extension of Time to File Response/Reply to Government's Response to Magistrate Judge's Proposed Findings and Recommended Disposition (**Doc. 49**) is **DENIED**.

**IT IS SO ORDERED.**

                                                      _____/S/_____
                                                      KEA W. RIGGS
                                                      UNITED STATES DISTRICT JUDGE